Condor **MERRITT**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19603.

United States Court of Appeals
Fifth Circuit.

March 20, 1964.

Sam E. Murrell, Robert G. Murrell, Sam E. Murrell & Sons, Orlando, Fla., for appellant.

Thomas J. Hanlon, III, Asst. U. S. Atty., Tampa, Fla., William A. Meadows, Jr., U. S. Atty., Louis F. Oberdorfer, Asst. Atty. Gen., Joseph M. Howard, Atty., Washington, D. C., of counsel, for appellee.

Before RIVES and JONES, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM.

The Government has filed a petition for rehearing, the basis of which is that this Court should not have relied on the comments of the Government's Special Agent, but should have given more weight to certain extrajudicial statements made by the defendant. Prior to the trial, the defendant in answer to questions put forth by the Government made several sworn statements purporting to list all of his assets. The Government now contends that the defendant is bound by these statements and the testimony of the Special Agent that he knew of other assets should be rejected. The rule is that such extrajudicial admissions must be corroborated. See Smith v. United States, 1954, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192; United States v. Calderon, 1954, 348 U.S. 160, 75 S.Ct. 186, 99 L.Ed. 202; Ford v. United States, 5 Cir. 1956, 233 F.2d 56, 59, cert. denied, 352 U.S. 833, 77 S.Ct. 49, 1 L.Ed.2d 53. Of course, where the Government does not rely on such statements, but rejects them, it need not produce corroborative evidence. Ford v. United States, supra. But the Government may not proceed to reverse its position on appeal so as to refute its own testimony and rely on the uncorroborated admissions.

The Government also relies on several comments made by the defendant when he testified at the trial. When asked if he owned any additional pieces of real property, the defendant replied that he could not think of any real property other than what was in the record. When asked if he knew of any assets which were left off of the Special Agent's net worth schedule, the defendant stated that he did not know of any particular assets and that his accountant and attorney would have to tell him since they had been working on this and he, the defendant, "wouldn't know any particular thing." Government counsel then asked the defendant whether, if any assets were left off the schedule, he could recall if any of them were disposed of in 1947 or 1948. Again, defendant replied that all he would know is what the records show. These statements do not serve to contradict the Government Agent's comment that he knew of additional assets; they only indicate the defendant's inability to identify what these assets might be. As stated in our original opinion, the burden was on the Government to identify these assets and prove that their omission could not prejudice the defendant. This the Government failed to do.

The petition for rehearing is
Denied.